COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Joseph Mills and Kathy Mills v. GMAC, LLC, US Bank National Association, as Trustee of the RASC 2006KS5 Trust |
| Appellate case number: | 01-11-01104-CV |
| Trial court case number: | 1125950 |
| Trial court: | 80th District Court of Harris County |

Appellants, Joseph Mills and Kathy Mills, filed suit against GMAC, LLC and US Bank National Association, as Trustee of the RASC 2006KS5 Trust, in the trial court, seeking a declaratory judgment stating that the mortgage lien on their home is invalid and that GMAC and US Bank are not entitled to payments on the mortgage loan, and seeking damages, attorney's fees, and costs. The trial court granted summary judgment in favor of appellees and dismissed appellants' claims with prejudice, holding that appellants' causes of action are barred by the statute of limitations. Appellants appealed.

On June 28, 2012, appellants filed a notice stating that GMAC, LLC had filed a petition for bankruptcy. *See* TEX. R. APP. P. 8.1. As a result, this case has been stayed pursuant to 11 U.S.C. § 362(a) and Texas Rule of Appellate Procedure 8.2.

Appellees, GMAC, LLC and US Bank National Association, as Trustee of the RASC 2006KS5 Trust, have filed a "Motion to Reinstate Appeal." In their motion, appellees argue that the bankruptcy court has lifted the stay "to permit non-Debtor parties in foreclosure and eviction proceedings, borrower bankruptcy cases and title disputes to continue to assert and prosecute certain defenses, claims and counter-claims." Appellees argue that to "the extent that Appellants/Plaintiffs' claims pertain to the validity of the lien and potential foreclosure of the property, they are Permitted Claims and may proceed," but that any claims that include a demand for monetary relief, including appellants' claims for damages and for attorney's fees, "remain[] subject to the automatic stay and the continued prosecution of" those claims is prohibited. Appellees move that "the instant appeal be reinstated and ruled upon by the Court."

In response, appellants argue that the appeal cannot "be reinstated piecemeal" and that the appeal cannot be reinstated because their "demand for monetary relief remains stayed." Appellants request that the entire appeal remain stayed.

In its July 13, 2012 order[1], the bankruptcy court granted limited relief from the automatic stay. First, the court granted relief from the automatic stay in "pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower" and in "pending and future eviction proceedings." Second, the court granted relief in cases involving a "borrower who currently has filed, or in the future files, for bankruptcy protection." Third, the court granted relief in "pending and future foreclosure actions initiated by the Debtors in cases where they act as servicer for the Senior Loan and also own . . . the Junior Loan." Finally, the court granted relief in "actions involving the amount, validity, and/or priority of liens commenced by third parties purporting to have a lien interest or other claim ('Third Party Claimants') with respect to properties that are subject to mortgages owned or served by the Debtors." Further, the bankruptcy court ordered that any "disputes regarding the extent, application and/or effect of the automatic stay under this Order shall be heard and determined in the Debtors' jointly administered bankruptcy cases."

Here, the parties dispute the extent, application and/or effect of the automatic stay under the bankruptcy court's July 13, 2012 order. Further, it is not clear whether the order provides relief from the automatic stay in this case, as this case involves neither a foreclosure action nor an eviction proceeding,[2] there is no indication in the record that either Joseph Mills or Kathy Mills has filed for bankruptcy protection, and it is not clear that this case involves a "Third Party Claimant" as that term is defined in the bankruptcy court's order. Finally, although it is undisputed that appellants' claims for monetary damages remain subject to the automatic stay, appellees provide no argument as to how the bankruptcy court's order lifts the automatic stay in an appeal from a case involving claims brought by a borrower seeking to recover monetary damages or what authority we have to reinstate an appeal wherein some claims remain subject to the automatic stay. *See* 11 U.S.C. § 362(c)(2) (stating that stay continues in effect until bankruptcy is closed

---

[1] The order is styled the "Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses."

[2] In their reply, appellees state that "[t]he claims here are primarily made as a defense to an impending foreclosure." Whether this is true is irrelevant, as the claims were not made in a foreclosure action.

or dismissed or until discharge is granted or denied); TEX. R. APP. P. 8.3(a) (authorizing appellate court to "reinstate the appeal if permitted by federal law or the bankruptcy court"), 8.3(b) (authorizing only severance of bankrupt party from appeal and reinstatement of appeal with respect to other parties); *see, e.g.*, *In re Residential Capital, LLC*, No. 12-12020 (MG), 2012 WL 3423285, at *2 (Bankr. S.D.N.Y. Aug. 14, 2012) ("[T]he Supplemental Servicing Order permits defendants in state court foreclosure actions to assert and prosecute claims and counterclaims that are *defenses* to foreclosure under applicable state law. The automatic stay was not lifted, however, to permit borrowers to assert and prosecute claims against the Debtors seeking to recover monetary damages.").

Accordingly, if appellees desire reinstatement of this appeal, they must either obtain clarification from the bankruptcy court stating that its July 13, 2012 order authorized reinstatement of this appeal or they must obtain an order of the bankruptcy court lifting the automatic stay in this case. *See, e.g.*, *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. May 8, 2013) (order granting in part and denying in part motion for clarification/enforcement of automatic stay and authorizing pending appeals to proceed to completion).

The motion to reinstate the appeal is DENIED. The court will entertain any future motions to reinstate after the parties have either received clarification from the bankruptcy court or obtained an order from the bankruptcy court lifting the stay in this case. Appellees' motion to substitute party and appellants' motion for extension of time to file response will be carried with the case until the appeal is reinstated. *See* TEX. R. APP. P. 8.2.

It is so ORDERED.


Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
⊠Acting individually ☐ Acting for the Court

Date: April 17, 2014